ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOSÉ CORREA ROSA<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDA | KLRA202400419 | *REVISIÓN JUDICIAL* procedente de Departamento de Corrección y Rehabilitación<br>_____<br>Núm. Confinado: 1-39811<br>_____<br>Sobre:<br><br>Pase Extendido con Monitoreo Electrónico |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece el señor José E. Correa Rosa (en adelante, "señor Correa" o "recurrente") mediante auto de Revisión Judicial y solicita la revisión de dos decisiones intituladas "*Respuesta de la Planilla de Información necesaria para evaluar Candidatos para el Programa Religiosos y Seculares*" y "*Respuesta de la Planilla de Información necesaria para evaluar Candidatos para el Programa Pase Extendido con Monitorio Electrónico*" emitidas el 20 de junio de 2024 por la Coordinadora de Programas y Desvíos del Departamento de Corrección y Rehabilitación (en adelante, "DCR"). Mediante las referidas decisiones, el DCR denegó el acceso tanto al Programa Religioso y Secular como al Programa Pase Extendido con Monitoreo Electrónico.

Por los fundamentos que expondremos a continuación, se **CONFIRMAN** las decisiones recurridas.

**I.**

Actualmente, el señor Correa se encuentra confinado en virtud de la Sentencia emitida el 21 de noviembre de 1988 por el delito de Asesinato en primer grado y el delito de Fuga.

Posteriormente, el DCR emitió el 6 de junio de 2024 y notificó el 17 de julio de 2024 dos decisiones intituladas "*Respuesta de la Planilla de Información necesaria para evaluar Candidatos para el Programa Religiosos y Seculares*" y "*Respuesta de la Planilla de Información necesaria para evaluar Candidatos para el Programa Pase Extendido con Monitorio Electrónico*". En las referidas decisiones, el DCR resolvió que el señor Correo no tenía expectativa de beneficiarse de los programas solicitados debido a que estos no existían para la fecha de los hechos delictivos sentenciados en este caso.

Inconforme con tal determinación, el 1 de agosto de 2024, el señor Correa presentó el recurso que nos ocupa y señaló la comisión del siguiente error:

> Erró el DCR al denegarle el acceso al plan de rehabilitación y reinserción a la comunidad por el simple hecho de que no existían dichos programas al momento de su sentencia, por lo que no tenia expectativa de beneficiarse de ello al momento de los hechos.

En consecuencia, procedemos a resolver.

**II.**

La Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG)[1], establece el alcance de la revisión judicial sobre las determinaciones finales de las agencias. Tanto la referida ley, como la jurisprudencia interpretativa sobrevenida por esta, establecen que la función revisora de las decisiones administrativas concedida

---

[1] 3 LPRA § 9601 *et seq*.

a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por la ley.[2] *Los dictámenes de los organismos administrativos merecen la mayor deferencia judicial y su revisión se limita a determinar si la agencia actuó arbitraria, ilegalmente, o irrazonablemente en abuso a su discreción.*[3]

### III.

El recurrido, en síntesis, alega que erró el DCR al denegarle el acceso a: (1) el Programa Religiosos y Seculares y, (2) el Programa Pase Extendido con Monitorio Electrónico.

Tras un examen minucioso del recurso ante nos, concluimos que no existen razones que justifiquen nuestra intervención con la determinación recurrida.

Según explicamos en el Ápice II de esta Sentencia, como tribunal revisor, sólo debemos intervenir con las determinaciones administrativas cuando se demuestre que la agencia actuó con arbitraria, ilegal o irrazonablemente en abuso de su discreción. De lo contrario, debemos otorgar nuestra mayor deferencia.

En este caso, no nos parece que la determinación del DCR fue arbitraria ni en abuso de su discreción. Por lo tanto, no vemos razón alguna por la que no debamos otorgar deferencia a las decisiones administrativas recurridas.

### IV.

Por los fundamentos antes expuestos, **CONFIRMAMOS** las decisiones recurridas.

---

[2] *T-JAC v. Caguas Centrum Limited*, 148 DPR 70 (1999).
[3] *Pérez López v. Depto. de Corrección*, 208 DPR 656 (2022) (Énfasis suplido).

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones